IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE: 1:91cv78-RJC

| | |
|---|---|
| **ROBERT LEE HOOD,** | ) |
| **Plaintiff,** | ) |
| v. | ) **ORDER** |
| **BUNCOMBE COUNTY JAIL, et. al.,** | ) |
| **Defendants.** | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's self-styled "Motion to Reconsider," filed May 3, 2011. (Doc. No. 35). For the reasons stated herein, Plaintiff's Motion will be dismissed in its entirety.

## I. FACTUAL AND PROCEDURAL HISTORY

On September 6, 1981, warrants were issued for Plaintiff's arrest on charges of murder and assault with a deadly weapon with intent to kill inflicting serious injury ("ADWIKSI"). (Case No. 1:00cv3, Doc. No. 36 at 1). On February 8, 1983, a Buncombe County Grand Jury indicted Plaintiff for the first-degree murder of Teresa Breedlove. (Id.). On October 1, 1985, the State of North Carolina filed a dismissal with leave to refile the first-degree murder charge because Plaintiff could not be readily found. (Id.) On February 7, 1990, Plaintiff was located at Rikers Island Prison in Brooklyn, New York. (Id.) On March 1, 1990, North Carolina reinstated the murder charge against Plaintiff. (Id. at 2). Also in March, 1990, Plaintiff was ordered to be extradited to North Carolina. (Id.).

On November 26, 1990, Detective Van Smith of the City of Asheville Police Department

retrieved Plaintiff from New York. (Case No. 1:00cv3, Doc. No. 36 at 2). Plaintiff was tried before a jury and convicted of first-degree murder and ADWIKSI. (Id.). He was sentenced to life imprisonment for the murder and a consecutive 20 year prison term for the ADWIKSI. (Id.). Plaintiff's convictions and sentences were upheld by the North Carolina Supreme Court. (Id. at 2-3).

On May 9, 1991, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983, seeking damages based upon his extradition from New York. (Id. at 3). The Court dismissed the Complaint on April 14, 1992. (Doc. No. 28). The United States Court of Appeals for the Fourth Circuit affirmed and on September 21, 1992, denied Plaintiff's petition for rehearing *en banc*. (Doc. Nos. 32-33). Plaintiff filed the instant "Motion to Reconsider" on May 3, 2011. (Doc. No. 35).

## II. DISCUSSION

In his "Motion for Reconsideration," Plaintiff claims that he is being denied access to the courts because the Albemarle Correctional Institution, where he currently is housed, closed its law library in 1989 and attorneys for North Carolina Prisoner Legal Services, Inc. refuse to assist him pursue the instant § 1983 complaint. (Id.). Notwithstanding its caption, Plaintiff's Motion is, in fact, a new complaint alleging a violation of a constitutional right and should have been filed as such. Therefore, this Motion will be dismissed.

## III. CONCLUSION AND ORDER

Plaintiff is advised that if he wishes to file a complaint alleging that he is being denied access to the courts, he must do so on the appropriate § 1983 Complaint form and file his complaint in the United States District Court for the Middle District of North Carolina, which has jurisdiction over civil rights complaints filed by inmates at Albemarle Correctional

Institution. Plaintiff is reminded, however, that he is prohibited from filing an *in forma pauperis* § 1983 Complaint unless he can meet the requirements under 28 U.S.C. § 1915(g).[1] Plaintiff is further reminded that because of his history of frivolous filings, this Court imposed a pre-filing system subjecting all of Plaintiff's filings in the United States District Court for the Western District of North Carolina to a frivolity review before they will be filed. (Case No. 1:98mc20, Doc. No. 1). Plaintiff is warned that abuse of this pre-filing review system could subject him to the imposition of an injunction against all future filings and submissions, and to the imposition of sanctions from the Court. (Id.).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration" is **DISMISSED**.

Signed: May 17, 2011

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] Plaintiff has had at least three previous civil rights complaints dismissed as frivolous. See Hood v. Beck, No. 5:04ct312 (E.D.N.C. May 17, 2004); Hood v. Hill, 5:94ct86 (E.D.N.C. March 15, 1994); Hood v. Hill, et al., 5:94ct100 (E.D.N.C. March 2, 1994).